**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE DIVISION**

| | | |
|---|---|---|
| **TINA LAMB,** | ) | |
| | ) | **Case No. 2:26-cv-10963** |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | |
| **ZEAL CREDIT UNION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, TINA LAMB, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, ZEAL CREDIT UNION, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. TINA LAMB, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Waterford, County of Oakland, State of Michigan.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6.     At all relevant times, Plaintiff had an asset accounts in her name with Defendant. One account was a checking Account, (hereinafter "Plaintiff's Zeal Checking Account") and the other a savings account, (hereinafter "Plaintiff's Zeal Savings Account"). (The accounts may be collectively referred to as "Plaintiff's Zeal Accounts").

7.     At all relevant times, Plaintiff's Zeal Accounts were established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8.     At all relevant times, Plaintiff's Zeal Accounts were each an "account" as that term is defined by 15 U.S.C. §1693a(2).

9.     ZEAL CREDIT UNION, (hereinafter, "Defendant") is a business entity that conducts business within the State of Michigan. Defendant is incorporated in the State of Michigan.

10.     At all relevant times, Defendant was a bank that held Plaintiff's Zeal Accounts.

11.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12.     At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13.     At all relevant times, unknown recipients received funds from Plaintiff's Zeal Accounts, which were transferred to unknown recipients via an electronic terminal, telephonic instruction or computer or magnetic tape after unknown recipients instructed Defendant to transfer funds to unknown recipients from Plaintiff's Zeal Accounts.

14.     The account that received the transfers, the fraudsters' account, was also a Zeal Credit Union checking account

## IV.    ALLEGATIONS

15.    On or about September 13, 2025, Plaintiff received a call on her cell phone from phone number 800-321-8570, the same phone number that appears on the reverse side of her Zeal Credit Union debit card and the contact number for Defendant.

16.    Plaintiff answered the call and the person on the other side of the call represented herself as a representative of Defendant.

17.    The representative advised that it appeared that someone had Plaintiff's information and was attempting to make withdrawals out of Plaintiff's Zeal Checking Account, that the bank was able to stop the withdrawals, but that the bank would have to close Plaintiff's account and Plaintiff would have to open a new account.

18.    The purported representative then requested Plaintiff's username on her accounts, which Plaintiff provided.

19.    The purported representative did not request, nor did Plaintiff provide, any password or other account information.

20.    The purported representative then advised Plaintiff that it would be transmitting a code via text message to Plaintiff's phone and that Plaintiff would need to provide that code. Plaintiff then and there received the code and provided it to the purported representative.

21.    The purported representative then advised Plaintiff that a new debit card was being ordered and will be expedited delivered to Plaintiff.  The call then ended.

22.    On or about September 14, 2025, Plaintiff called Defendant to set up an appointment to go into Defendant's branch and open a new checking account, as Plaintiff was under the belief that her current checking account was closed.

23.     On or about September 15, 2025, Plaintiff received another call from another number, 734-522-3700, which is also a number belonging to Defendant.

24.     The caller represented herself as an agent of Defendant, and advised Plaintiff that someone had withdrawn $10,200.00 from Plaintiff's Zeal Accounts.

25.     On or about September 15, 2025, $2,000.00 was debited from Plaintiff's Zeal Savings Account by unknown recipients to Zeal account number XXXX4613.

26.     On or about September 15, 2025, another $2,000.00 was debited from Plaintiff's Zeal Savings Account by unknown recipients to Zeal account number XXXX4613.

27.     On or about September 15, 2025, another $1,000.00 was debited from Plaintiff's Zeal Savings Account by unknown recipients to Zeal account number XXXX4613.

28.     On or about September 15, 2025, $2,000.00 was debited from Plaintiff's Zeal Checking Account by unknown recipients to Zeal account number XXXX4613.

29.     On or about September 15, 2025, another $2,000.00 was debited from Plaintiff's Zeal Checking Account by unknown recipients to Zeal account number XXXX4613.

30.     On or about September 15, 2025, another $1,200.00 was debited from Plaintiff's Zeal Checking Account by unknown recipients to Zeal account number XXXX6262.

31.     Neither of the above identified Zeal account numbers belong to Plaintiff or were opened by Plaintiff.

32.     Prior to September 15, 2025, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's Zeal Accounts on September 15, 2025, by unknown recipients.

33.     Plaintiff did not provide unknown recipients with consent to debit funds from Plaintiff's Zeal Accounts on September 15, 2025.

34. Plaintiff did not provide Defendant with consent for unknown recipients to debit funds from Plaintiff's Zeal Accounts on September 15, 2025.

35. Prior to September 15, 2025, Plaintiff was not aware that $10,200.00 was to be debited from Plaintiff's Zeal Accounts by unknown recipients, as delineated above.

36. On September 15, 2025, Plaintiff provided Defendant with notice that she disputed the debit of funds by unknown recipients relative to Plaintiff's Zeal Accounts on September 15, 2025.

37. On September 15, 2025, Plaintiff provided Defendant with information to allow Defendant to identify Plaintiff's Zeal Accounts, such as:

    a. Plaintiff's Zeal Account numbers;

    b. Plaintiff's personal identifying information;

    c. The name under which Plaintiff's Zeal Accounts were registered;

    d. The date of the transactions which Plaintiff disputed relative to Plaintiff's Zeal Account;

    e. The amount of the transactions which Plaintiff disputed relative to Plaintiff's Zeal Account; and,

38. On September 15, 2025, Plaintiff provided Defendant with notice that the debits of funds by unknown recipients relative to Plaintiff's Zeal Accounts on September 15, 2025, were unauthorized electronic transfers of funds from Plaintiff's Zeal Credit Union Account to unknown recipients.

39. On September 15, 2025, Plaintiff informed Defendant that she did not provide unknown recipients with consent to debit funds from Plaintiff's Zeal Accounts on September 15, 2025.

40.     On September 15, 2025, Plaintiff provided Defendant with notice of the circumstances as to why Plaintiff believed the debit of funds by unknown recipients on September 15, 2025, were unauthorized, and Defendant was in possession of information that further demonstrated that the transfers were unauthorized, such as:

     a.    Plaintiff never authorized the debit of funds from Plaintiff's Zeal Credit Union Account;

     b.    Plaintiff never provided unknown recipients with permission, consent or authority to debit funds from Plaintiff's Zeal Credit Union Account;

     c.    Plaintiff was tricked by a fraudster who made it look like a call was coming in from Defendant by having Defendant's telephone number appear on Plaintiff's caller ID when the call came in;

     d.    The fraudster clearly had account information that was not provided by Plaintiff;

     e.    The transactions were wholly inconsistent with Plaintiff's previous account activity;

     f.    Defendant suspected fraud was occurring on Plaintiff's Zeal Accounts as it was Defendant that notified Plaintiff of the missing funds;

     g.    The funds were transferred to another account within Zeal Credit Union and whether Plaintiff had any relation to those so-called customers could easily be traced; and

     h.    Upon information and belief, the recovered funds of $634.68 was taken from the fraudsters' accounts further suggesting that Defendant knew that the transfers were not authorized.

41.     On September 16, 2025, Plaintiff completed Defendant's required written affidavit explaining the circumstances surrounding the theft.

42.     To date, Defendant failed to conduct any investigation relative to the error complained of by Plaintiff within ten (10) days of the receipt of Plaintiff's dispute in violation of 15 U.S.C. §1693f(a).

43.     Defendant failed to provide a written response to Plaintiff's dispute within ten (10) business days either advising Plaintiff that it corrected the error on Plaintiff's Zeal Accounts, or that it determined an error did not occur, in violation of 15 U.S.C. §§1693f(b) or 1693(d).

44.     Defendant did not provide a provisional credit within 10 days of the receipt of Plaintiff's dispute in violation of 15 U.S.C. §1693f(c) leaving Plaintiff without the use of her funds while Defendant investigated the error.

45.     Defendant failed to advise Plaintiff that she may request reproduction of all of the documents which the Defendant utilized in coming to its conclusion that an error did not occur, as it must have concluded since to date it has not corrected the error on Plaintiff's Zeal Accounts, leaving Plaintiff without the knowledge and information and the ability to get the information that explained why the transactions Plaintiff claimed were not authorized, were ostensibly authorized, in violation of 15 U.S.C. §1693f(d)

46.     Defendant's investigation, if any, was not made in good faith and Defendant did not have a reasonable basis for denying the return of Plaintiff's funds in violation of 15 U.S.C. §1693f(e)(1).

47.     Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

48.     Defendant violated the Electronic Funds Transfers Act by holding Plaintiff liable for in excess of $50 on the aforementioned unauthorized transfers and has failed to refund the money into her account in violation of 15 U.S.C. §1693g(a).

49.     On or about November 17, 2025, $634.68 was refunded to Plaintiff's Zeal Checking Account.

50.     Presently, Plaintiff remains without the $9,561.60 debited by unknown recipients from Plaintiff's Zeal Accounts.

51.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer economic damages from the loss of use of her funds, including but not limited to loss of savings that was set aside for personal use for a trip and being forced to utilize high interest credit cards to make purchases for which she would typically never use a credit card.

52.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and embarrassment, including difficulty containing emotions which is impacting her at her employment as well as loss of sleep.

WHEREFORE, Plaintiff, TINA LAMB, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c.     Treble damages allowable under 15 U.S.C. §1693f(e);

    d.     Plaintiff's attorneys' fees and costs; and,

    e.     Any other relief deemed appropriate by this Honorable Court.

### V.     JURY DEMAND

53.     Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**TINA LAMB**


By:     s/ David M. Marco
        Attorney for Plaintiff

<u>Dated: March 23, 2026</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, FL 34240
**Telephone:**   (312) 546-6539
**Facsimile**:   (888) 418-1277
**E-Mail**:     dmarco@smithmarco.com